Curia, per

Frost, J.
One may stipulate for the payment of rent in advance, and give a note or due bill for the amount. That is the consideration expressed in the defendant’s due bill. The acknowledgment is of a debt, presently due ; and the statute of limitations must be computed from the date of the due bill, when a right of action accrued to the plaintiff.
Gibson vs. Peebles (2 McC. 418) is direct authority for the admission in evidence of a credit, endorsed on a note for a payment by the debtor, and dated within four years after the note is payable, without any other evidence of the time when the credit was endorsed, except that supplied by the date itself.
But the credit relied on in this case, to take the case out of the statute, was given for a payment made by Wise. Payment is an acknowledgment of a debt. If the security is left in the possession of the creditor, that is evidence that the debt is not paid in full. These inferences can only arise when the payment is made by the debtor himself; not when it is made by another, without notice to the debtor. Wise had no authority to demand the defendant’s due bill. It is not shewn that he knew of it. Guignard’s possession of the due bill, after Wise’s payment, cannot warrant any presumption against Parr, that the due bill was *186 not paid in full. Parr may have paid all that was due, except the amount of Wise’s order. This order was given when Parr made the due hill. The order did not prevent the plaintiff from suing the due hill; and cannot suspend the statute in an action for its recovery. The giving of the order might serve as evidence for the defendant, of payment, pro tanto, of the due bill. The payment of the order cannot be evidence, for the plaintiff, of non-payment of the due bill.
The motion is dismissed.
O’Neall, Evans, WaRdlaw and WitheRS, J. J. concurred.

Motion dismissed.